[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10408
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cr-00042-GAP-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MCKENZIE CALIXTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 6, 2018)

Before NEWSOM, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

McKenzie Calixte appeals his convictions for conspiracy, in violation of 18 U.S.C. § 371, and theft of government property, in violation of 18 U.S.C. §§ 2 and 641. On appeal, Calixte argues that (1) the district court abused its discretion by denying his motion to exclude hearsay evidence and (2) that the evidence presented at trial was insufficient to support the jury's verdict. We affirm.

The parties are familiar with the facts; we do not repeat them here except as necessary.

## I

We review a properly preserved challenge to the admissibility of evidence for an abuse of discretion. *United States v. Gamory*, 635 F.3d 480, 492 (11th Cir. 2011). However, evidentiary challenges not raised before the district court are reviewed for plain error. *United States v. Carthen*, 906 F.3d 1315, 1320 (11th Cir. 2018). To prevail under the plain-error standard, a defendant must show (1) error, (2) that is plain, (3) that has affected his substantial rights, and (4) that seriously affected the fairness of the judicial proceedings. *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003). A party properly preserves claims of error "by informing the court—when the court ruling or order is made or sought—of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." Fed. R. Crim. P. 51(b). An objection to the admission of evidence must state the specific ground of objection unless it was

2

apparent from context.  Fed. R. Evid. 103(a)(1)(B).  While the admission of co-conspirator statements is reviewed for abuse of discretion, any factual findings underpinning the admission are reviewed for clear error.  *See United States v. Matthews*, 431 F.3d 1296, 1308 (11th Cir. 2005).  Explicit factual findings are not necessary to uphold the admission of co-conspirator statements.  *See United States v. Miles*, 290 F.3d 1341, 1352 (11th Cir. 2002) (*per curiam*).

Hearsay is an out-of-court statement offered for the truth of the matter asserted.  Fed. R. Evid. 801(c).  Hearsay is not generally admissible.  Fed. R. Evid. 802.  However, an out-of-court statement offered against a defendant does not qualify as hearsay if it was made by a co-conspirator during and in furtherance of a conspiracy.  Fed. R. Evid. 801(d)(2)(E).  In order to introduce statements of the co-conspirator, "the government must prove by a preponderance of the evidence that (1) a conspiracy existed, (2) the conspiracy included the declarant and the defendant against whom the statement is offered, and (3) the statement was made during the course of and in furtherance of the conspiracy."  *United States v. Underwood*, 446 F.3d 1340, 1345–46 (11th Cir. 2006).

In determining the admissibility of co-conspirator statements, the district court may consider both the co-conspirator's statements and independent external evidence.  *Miles*, 290 F.3d at 1351.  Co-conspirator statements can be admitted subject to the government "connecting them up" with sufficient evidence.  *United*

3

*States v. Hasner*, 340 F.3d 1261, 1274 (11th Cir. 2003), *cert. denied*, 543 U.S. 810 (2004) (quotation marks omitted).  We apply a liberal standard in determining whether a statement is made in furtherance of a conspiracy.  *Miles*, 290 F.3d at 1351.  The statement need not be necessary to the conspiracy but must only further the interests of the conspiracy in some way.  *Id.*

We reject Calixte's argument that the district court abused its discretion in admitting Cuyler's testimony as to statements made to her by Fox or the documents containing wage and personal information that Fox gave Cuyler to prepare false tax returns.  The government proved by a preponderance of the evidence that a conspiracy existed, that Fox, Cuyler, and Calixte were involved in the conspiracy, and that the statements were made and documents prepared in furtherance of the conspiracy.  Calixte received and controlled more than $164,000 of fraudulently obtained tax refunds, all of which came from tax returns filed by Fox and Cuyler.  He then used those funds for his own benefit.  Finally, the statements and documents admitted by the district court—Cuyler's testimony about the conspiracy, her testimony about her involvement preparing fraudulent tax returns, and the stolen identity-information documents—all went directly to the furtherance of the conspiracy and thus are admissible.

The district court also did not plainly err in admitting the fraudulent 2010 tax returns, the list of names from the health department, or Calixte's personal bank

4

records.  The 2010 returns were submitted to show that the 2011 returns matched and were part of the same, ongoing conspiracy—not to demonstrate that Calixte was involved in their preparation.  The list of names and the personal bank records are neither co-conspirator nor out-of-court statements; rather, they are documents prepared by the Department of Health and business records.  The district court did not err in admitting them.

## II

Calixte next claims that the evidence submitted by the government was insufficient to sustain his conviction.  We review challenges to the sufficiency of the evidence supporting a criminal conviction *de novo*, "viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the verdict."  *United States v. Pierre*, 825 F.3d 1183, 1191 (11th Cir. 2016).  We will not reverse unless no reasonable trier of fact could find guilt beyond a reasonable doubt.  *Id.* at 1193.

To prove guilt of conspiracy to commit an offense against or to defraud the United States, the government must prove "(1) the existence of an agreement to achieve an unlawful objective, (2) the defendant's knowing and voluntary participation in the conspiracy, and (3) the commission of an overt act in furtherance of the conspiracy."  18 U.S.C. § 371; *United States v. Hansen*, 262 F.3d 1217, 1246 (11th Cir. 2001).  An agreement may be proven by direct or

circumstantial evidence, and a common scheme or plan may be inferred from the conduct of participants. *Id.* The government may present circumstantial evidence to prove a defendant's knowledge of the scheme. *Pierre*, 825 F.3d at 1193. The government does not need to prove that each conspirator participated in all aspects of the conspiracy, knew every detail, or knew all of the participants. *Hansen*, 262 F.3d at 1247. A conspirator may be convicted even "if he joined the conspiracy after its inception and played only a minor role within it." *Id.*

To prove guilt of theft of government property, the government must prove that (1) the money described in the indictment belonged to the United States, (2) the defendant appropriated the money for his own use, and (3) the defendant did so with intent to deprive the government of the money. 18 U.S.C. § 641; *United States v. Wilson*, 788 F.3d 1298, 1309 (11th Cir. 2015).

A statement by the defendant, if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt. *United States v. Hughes*, 840 F.3d 1368, 1385 (11th Cir. 2016) (quotations and citations omitted). "[T]his principle applies equally to false exculpatory statements made pre-trial and false exculpatory statements made on the stand." *Id.*

Here, the government provided sufficient evidence to support the jury's verdict that Calixte was guilty of conspiracy and of the substantive offenses of theft of government property. For example, the government showed that 127

6

fraudulently obtained tax refunds were deposited into Calixte's account within the span of a month, and that he spent $53,000 of it within nine days of receiving it before his account was frozen. Ten victims testified that their names and information were used to obtain refunds in their name, but that they did not know Calixte or give him permission to file returns on their behalf. Furthermore, the government's circumstantial evidence—including Calixte's false claims to law enforcement that he filed the fraudulent returns for his clients and reimbursed them with cashier's checks—allowed a reasonable juror to infer Calixte's knowledge of the scheme beyond a reasonable doubt. Similarly, the jury could have reasonably inferred that he intended to deprive the government of money because he opened a bank account that received almost no deposits except fraudulent tax refunds, withdrew that money and used it for personal expenses, and then lied about his use of the money when interviewed by authorities. Thus we hold that the evidence submitted is sufficient to support Calixte's conviction.

**AFFIRMED.**